```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**DONALD W. STOYER,**

        **Plaintiff,**

  vs.                              Civil Action 2:04-CV-1050
                                       Judge Watson
                                       Magistrate Judge King

**COMMUNITY HOUSING NETWORK,
INC.,** *et al.***,**

        **Defendants.**

## REPORT AND RECOMMENDATION

      This action was originally filed in state court by plaintiff, who is proceeding without the assistance of counsel.  The matter was thereafter removed to this Court as an action arising under federal law.  Doc. No. 1.  This matter is now before the Court on plaintiff's motion to remand.  Doc. No. 36.

      Plaintiff, a disabled tenant in Section 8 housing, brings this action on behalf of himself and a class of plaintiffs, alleging that the defendants' lease agreement violates plaintiffs' rights under federal law; plaintiff also alleges that he was subjected to unlawful searches and seizures, was retaliated against for engaging in protected activity and was subjected to unsafe and unsanitary conditions.  The complaint was filed on October 4, 2004.  Exhibit 2, attached to *Notice of Removal*.  The *Notice of Removal* was filed in this Court on November 1, 2004.  Doc. No. 1.  In his motion to remand, filed on May 2, 2005, plaintiff contends that this Court lacks both diversity jurisdiction, 28 U.S.C. §1332, and federal question jurisdiction, 28 U.S.C. §1331.

      The action was removed to this Court pursuant to 28 U.S.C. §1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. ..."  28 U.S.C. §1441(a). The party seeking removal bears the burden of establishing its right to do so.  *Her*

*Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir. 1989); *City of Tipp City v. City of Dayton,* 204 F.R.D. 388 (S.D. Ohio 1989).  "The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true."  *Jerome-Duncan v. Auto-By-Tel, LLC,* 176 F.3d 904 (6th Cir. 1999); *City of Tipp City,* 204 F.R.D. at 390.  Any doubt as to whether remand is appropriate must be resolved in favor of remand.  *Andrews v. Electric Motor Systems, Inc.,* 767 F.Supp. 853, 855 (S.D. Ohio 1991)(citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941)).

      The action was removed to this Court as one arising under federal law, 28 U.S.C. §1331.  Jurisdiction under this provision is governed by the "well-pleaded complaint rule,"  *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987), which provides that federal jurisdiction exists under §1331 only when a federal question is presented on the face of a properly pleaded complaint.  *Id.*  Generally, "a case may not be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Robinson v. Michigan Consul. Gas Co.,* 918 F.2d 579, 585 (6th Cir. 1990)(quoting *Caterpillar,* 482 U.S. at 393)).  Plaintiff contends that federal law is implicated only in potential defenses to his complaint.  Plaintiff is mistaken.  The complaint expressly invokes The Fair Housing Act, 42 U.S.C. §3601, *et seq. See, e.g., Complaint,*  at pp. 3,5, and generally invokes "federal and state law, ..."  *See, e.g., Complaint,* at p.41.  Accordingly, because the complaint expressly invokes federal law, this is an action over which this Court would have original federal question jurisdiction under 28 U.S.C. §1331.  Accordingly, the notice of removal was properly filed.

**2**

It is therefore **RECOMMENDED** that plaintiff's motion to remand be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 30, 2005                                       s/Norah McCann King
                                                    Norah M<sup>c</sup>Cann King
                                                    United States Magistrate Judge