## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Donald W. Stoyer,

    Plaintiff,

v.

Community Housing
Network, Inc., et al.,

    Defendants.

Case No. 2:04cv1050

District Judge Michael H. Watson

### OPINION AND ORDER

Before the Court are the following:

1. The November 4, 2004 Motion of Defendant Community Housing Network, Inc. (hereinafter "CHN") to Dismiss Plaintiff Donald W. Stoyer's (hereinafter "Plaintiff") Complaint. (Doc. 3) Plaintiff filed a Memorandum Contra on November 29, 2004. (Doc. 5) CHN filed a Reply Memorandum on December 9, 2004. (Doc. 7)

2. The December 9, 2004 Motion of Mazanec, Raskin & Ryder Co., L.P.A. (hereinafter "MRR") and Dianna M. Anelli to Dismiss *Instanter*. (Doc. 9) Plaintiff filed a Memorandum Contra on January 3, 2005. (Doc. 16)

3. The December 10, 2004 Motion of Anthony Penn, Gary Meddles and All Other CHN Employees (hereinafter collectively "CHN Employees") to Dismiss *Instanter*. (Doc. 12) Plaintiff filed a Memorandum Contra on January 3, 2005. (Doc. 16) CHN Employees filed a Reply Memorandum on January 17, 2005. (Doc. 19)

4.     The June 9, 2005 Motion of CHN, MRR, Ms. Anelli, and CHN Employees (hereinafter collectively "Defendants") to Dismiss and/or Strike Plaintiff's Amended Complaint. (Doc. 52) Plaintiff filed a Memorandum Contra on July 5, 2005. (Doc. 57) Defendants filed a Reply Memorandum on July 14, 2005. (Doc. 61)

The Court will first address the issue of whether Plaintiff's Amended Complaint should be stricken. While Plaintiff did not seek leave to amend his Complaint, the Court will not strike the Amended Complaint. However, in considering Defendants respective motions to dismiss, the Court shall consider the arguments as renewed and incorporated with respect to the Amended Complaint. Additionally, the Court shall consider the allegations of Plaintiff's Complaint renewed and incorporated into the Amended Complaint.

A motion to dismiss under Rule 12(b)(6) requires this Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990), *cert. denied*, 498 U.S. 867 (1990). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995); see also *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings.").

Defendants argue Plaintiff's Amended Complaint should be dismissed for a multitude of reasons. First, Plaintiff failed to comply with the *qui tam* filing and service requirements. Specifically, 31 U.S.C. §3730(b)(2) requires a *qui tam* complaint be filed *in camera*, remain under seal for a least sixty days and not served upon the defendants until ordered by the Court. Notwithstanding these requirements, Defendants contend Plaintiff's alleged *qui tam* action was filed with the Franklin County Municipal Court, not under seal, and served Defendants before being ordered by the Court. Defendants maintain Plaintiff's failure to follow the statutory requirements for a *qui tam* action warrants dismissal.

Additionally, Defendants argue Plaintiff fails to allege a violation of the *qui tam* provisions of the False Claims Act. Specifically, Plaintiff's Amended Complaint does not allege Defendants submitted false claims to the government for payments. Instead, Plaintiff maintains the lease between Defendants and Plaintiff and other CHN lessees is fraudulent. As such, Defendants assert Plaintiff fails to allege the most basic element of a *qui tam* action.

With respect to Plaintiff's discrimination claims, 42 U.S.C. §2000h-4 does not provide a plaintiff with a private cause of action. Further, Defendants contend if Plaintiff is attempting to assert a state housing discrimination claim, the Amended Complaint is devold of any allegations to support a *prima facie* claim of housing discrimination. Similarly, Defendants argue Plaintiff fails to assert facts which establish the *prima facie* elements of a retaliation claim under the Fair Housing Act.

Next, Defendants maintain Plaintiff's allegations of daily inspections are the

same exact allegations set forth in pages 2 through 6 of Plaintiff's Complaint in *Stoyer v. CHN,* U.S.D.C. S.D. Ohio Case No. 2:04cv49[1] (hereinafter "*Stoyer I*"). Additionally, Plaintiff's allegations of unauthorized release of information, seemingly under the First Amendment, are without merit as there is no constitutional right to non-disclosure of private information. Further, the information alleged to be disclosed, does not appear to be private information. Similarly, Defendants assert Plaintiff's O.R.C.§5321.01 claim also appears in *Stoyer I*.

Defendants also contend Plaintiff lacks standing to bring constitutional claims on behalf of other individuals. Further, Plaintiff's constitutional claims fail as the Amended Complaint is devoid of any allegations Defendants were not acting under color of law or were agents or employees of a governmental entity.

In response, Plaintiff argues the Amended Complaint is conclusively sufficient to meet the "notice pleadings" requirements. Moreover, Plaintiff contends the omission of any portion of the facts constituting the cause of action does not render the Amended Complaint subject to dismissal. Plaintiff maintains there are sufficient factual allegations to support the claims asserted in the Amended Complaint.

Construing the Complaint and the Amended Complaint in the light most favorable to Plaintiff and accepting all factual allegations as true, the Court concludes Plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Accordingly, the November 4, 2004 Motion of Defendant CHN to Dismiss Plaintiff's Complaint (Doc. 3) is **GRANTED**; the December 9, 2004 Motion of MRR and Ms. Anelli

---

[1] The Court notes the March 15, 2005 Order (Doc. 44) remanded this action to the Franklin County Court of Common Pleas.

2:04cv1050                                                                                                   4

to Dismiss *Instanter* (Doc. 9) is **GRANTED;** the December 10, 2004 Motion of CHN Employees to Dismiss *Instanter* (Doc. 12) is **GRANTED;** the June 9, 2005 Motion of CHN, MRR, Ms. Anelli, and CHN Employees to Dismiss Plaintiff's Amended Complaint (Doc. 52) is **GRANTED** and the June 9, 2005 Motion of CHN, MRR, Ms. Anelli, and CHN Employees to Strike Plaintiff's Amended Complaint (Doc. 52) is **DENIED.** This matter is hereby dismissed and removed from the docket of this Court.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**